**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

SONJA M. SCOTT,

                Plaintiff,

v.                                CIVIL ACTION NO.  5:13-cv-12283

TOYOTA MOTOR CORP., et al.,

                Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

The Court has reviewed *Plaintiff's Motion to Remand and/or Amend Complaint and for Costs Fees and Expenses* ("Pl.'s Mot.") (Document 10). After careful consideration of the complaint and the parties' written submissions, the Court grants in part and denies in part Plaintiff's motion, for the reasons that follow.

## I.    *FACTUAL BACKGROUND & PROCEDURAL HISTORY*

On April 10, 2013, Plaintiff Sonja M. Scott initiated this action in the Circuit Court of Wyoming County, West Virginia, against Defendants Toyota Motor Corp., Toyota Motor Sales, USA, Inc., (collectively referred to as the "Toyota Manufacturers"), and L&S Motors of Beckley, Inc. ("Toyota Dealer").   (Notice of Removal, Ex. A, Complaint ("Compl.") (Document 1-1) ¶¶ 2-4).   As alleged in her pleading, Plaintiff purchased a 1997 Toyota Camry from the Toyota Dealer on October 18, 1997 for $23,777.28 in cash. (Compl. ¶¶ 8-10).   Nearly thirteen years later, on April 14, 2011, while Plaintiff operated the vehicle, the accelerator pedal "suddenly and inexplicably stuck" causing the car to "accelerate at a rapid rate of speed."   (Compl. ¶¶ 20-21).

Despite her efforts to use the brakes and steering wheel, the car allegedly "became uncontrollable" and "crashed into the cinderblock foundation of a nearby structure."   (Compl. ¶¶ 22-23). Plaintiff suffered severe injuries in the crash, including blunt chest trauma, compression fracture of the second thoracic vertebrae, a tibial and fibula fracture, rib fracture and a lacerated right knee. (Compl. ¶27).   Plaintiff's injuries required intensive care hospitalization and rehabilitation. (Compl. ¶¶ 28, 31).

Plaintiff alleges that "[n]o explanation has been found" for the "malfunction" of the accelerator pedal and that an inspection of the car has not revealed that her action or inaction attributed to the incident. (Compl. ¶¶ 24-25).   Plaintiff also alleges that "the malfunction" appears to have been the result of a "defect in the manufacturing of the vehicle" or errors, abnormalities or defects in the design and installation of the accelerator pedal.   She contends that the defect appears to have been attributed to a mechanical issue that later caused the Toyota Manufacturers "to recall more than four million later model Camrys."   (Compl. ¶¶ 52-54). Nevertheless, Defendants have failed to repair the car.   Instead, they have allegedly "assessed blame" for the "sudden malfunction" on Plaintiff.

Plaintiff alleges that she purchased her vehicle subject to the Toyota Manufacturers' standard express warranties and the express and implied warranties imposed upon the sale of consumer goods by state and federal law.   (Compl. ¶¶ 11-12).   However, the vehicle failed to operate in accordance with these warranties.   As a result, Plaintiff has asserted a six count civil action against Defendants for breach of an express warranty (count one); breach of an implied warranty of merchantability (count two); strict product liability (count three); negligence (*res ipsa loquitor*) (count four); Magnuson-Moss Warranty Act (count five); and violation of West

2

Virginia's Lemon Law or the "Consumer Protection –New Motor Vehicle Warranties" law (count six).   (Compl. ¶¶ 37-80).   According to Plaintiff, Defendants are liable "for any and all damages and any and all costs and expenses, including the expense of attorneys and experts, arising out of the breach of the express and implied warranties."   (Compl. ¶¶ 41, 48).   Alternatively, Plaintiff asserts that the Defendants are liable "for the replacement of the Camry with a car of equal or greater value."   (Compl. ¶¶ 42, 49).   In her prayer for relief, Plaintiff seeks, among other things, a judgment in her favor, reimbursement of attorney fees and expenses, damages arising from her annoyance and inconvenience, and punitive damages.   (Compl. at 11.)   Relevant to the instant dispute, Plaintiff alleges that the Defendants violated the Magnuson-Moss Warranty Act ("MMWA") and she "demands compensation and reimbursement consistent with the provisions of Section 2310(d)."   (Compl. ¶¶ 70-74).   However, she contends that she does not seek damages in an amount in excess of $50,000.   (Compl. ¶ 74).

On May 24, 2013, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441 by asserting that subject matter jurisdiction is proper under 28 U.S.C. § 1331 due to Plaintiff's assertion of a MMWA claim. (Notice of Removal ("Notice") (Document 1) at 3.)[1] The Removing Defendants assert that Plaintiff has not properly limited her damages to an amount less than $50,000, the required amount in controversy under the MMWA.   (*Id*.)   To support their assertion that the amount in controversy can be met, Defendants contend that Plaintiff has sought punitive damages; that such damages are recoverable under the MMWA; that Plaintiff has alleged a tort claim wherein she asserts that she suffered serious and permanent injuries; and that the compensatory and punitive damages sought therein satisfies the MMWA's amount in controversy

---

1    Defendants assert that the removal is unanimous despite Plaintiff's unsuccessful attempt to properly serve Toyota Motor Corporation.   (Notice at 2.)

requirement. (*Id*. at 7-9)[2].

On June 24, 2013, Plaintiff filed a motion to remand contesting Defendants' showing of the requisite MMWA amount in controversy. (Pl.'s Mot. at 1-4).   Plaintiff also moves the Court for leave to amend her Complaint so that she may offer "clarification of the damages sought in her [MMWA] claim." (*Id*. at 5.)[3]   Defendants oppose Plaintiff's motions and maintain that the MMWA's requisite jurisdictional amount has been met and that Plaintiff should not be allowed to amend her complaint to avoid federal jurisdiction.   (Defendants' Response to Plaintiff's Motion to Remand and/or Amend Complaint and For Costs Fees and Expenses ("Defs.' Resp.") (Document 11)).

## II.     APPLICABLE LAW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction.   28 U.S.C. § 1441(a).[4]   A federal district court has original jurisdiction over civil actions where the requirements for diversity jurisdiction are met or where the claim arises under the Constitution, laws or treaties of the United States.   28 U.S.C. §§ 1331-1332.   Defendants do not assert that this Court has diversity jurisdiction.   Instead, in

---

2   Defendants also argue that Plaintiff's common law and state law claims are inextricably intertwined with her federal claim and that this Court could exercise supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367.   (*Id*. at 9).

3   Plaintiff did not file the proposed amended pleading.

4   Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).   The removal of civil matter is governed by 28 U.S.C. § 1446.

reliance on Plaintiff's MMWA claim, Defendants invoke this Court's federal question jurisdiction pursuant to Section 1331.

"[T]he vast majority of cases brought under the general federal question jurisdiction of the federal courts are those in which federal law creates the cause of action [and t]he well pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366-369-70 (4th Cir. 2001) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Additionally, in cases involving a required jurisdictional amount, the well-pleaded complaint rule provides that "th[is] . . . amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. North American Equitable Life Assur. Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). However, this amount must be conclusive "to a legal certainty" to satisfy any jurisdictional amount requirement. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 393 U.S. 283, 288-89 (1938)).

It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *See Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the Removing Defendants have the burden to show the existence of federal question jurisdiction by demonstrating by a preponderance of the evidence that the MMWA's amount in controversy can be met. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009

5

WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W. Va. 2001)).   In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must strictly construe the removal statute and "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## III.   DISCUSSION

### A.   Limitation on Damages

In their Notice of Removal, Defendants challenge Plaintiff's allegation that she does not seek damages in excess of $50,000 for the purpose of her MMWA claim.   Defendants argue that Plaintiff filed an unverified complaint and failed to properly follow the pre-removal stipulation procedure set forth in *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 485-86 (S.D. W. Va. 2001).   In her Motion to Remand, Plaintiff maintains that she is seeking less than $50,000 for her federal claim.   However, she acknowledges that her pleading was not verified.   Plaintiff contends that this Court should rule favorably on her motion because a denial would be prejudicial.   She further argues that her "verification should be accepted nunc pro tunc" and that she be granted leave to amend the complaint to clarify the damages she seek under the MMWA.   (*Id.* at 5.)

It has been established in this jurisdiction that a plaintiff desiring not to litigate her claim in federal court may avoid a district court's jurisdiction by simply stipulating that she is seeking less that the jurisdictional amount.   *See McCoy*, 147 F.Supp.2d at 485-86.   A stipulation that seeks to limit the amount in controversy must be "a formal, truly binding, pre-removal stipulation signed by counsel and [his/her] client explicitly limiting recovery." *McCoy*, 147 F.Supp.2d at 485. Further, "the stipulation should be filed contemporaneously with the complaint, which also should

contain the sum-certain prayer for relief." (*Id*.)   This Court previously adopted the stipulation requirements in *McCoy* and indicated that the formality requirement is satisfied when a stipulation is signed and notarized.   *Settle v. One West Bank*, FSB, 2011 WL 3055263, *2 (S.D. W. Va. Jul 25, 2011).   Although, *McCoy* considered the application of a pre-removal stipulation in the context of meeting the diversity jurisdictional amount, the Court observes no reason that the pre-removal stipulation espoused in that case is inapplicable in this context, concerning the MMWA's requisite jurisdictional amount.

Assuming, without finding, that Plaintiff's allegation in Paragraph 74 of her Complaint, in which she asserts that she is not seeking an amount in excess of $50,000, is a statement intended to limit her damages, the Court finds that Plaintiff's attempt is ineffective.    There is no dispute that Plaintiff's pleading only contains the signature of her attorney inasmuch as she did not sign the Complaint.   Likewise, it is uncontroverted that the record does not include a contemporaneously filed stipulation establishing her request for limited relief.   The Court has considered Plaintiff's concession that her pleading is unverified.   However, her argument on this issue is woefully inadequate.   In her motion, she has merely asserted that "the absence of the verification at the time of filing of the original documents simply constitutes mere inadvertence."   (Mot. to Remand at 3-4.)   Plaintiff has not explained the inadvertent act she alludes to or offered any evidence in support.   Instead, she states that counsel for Defendant has refused her offer to provide a "replacement verification" and a "stipulation limiting [her] damages."   (*Id*. at 4.)   Plaintiff's contention in this regard is insufficient to support the relief she seeks.

Thus, to the extent Plaintiff seeks a remand based on Paragraph 74, her motion is **denied** for her failure to properly limit her damages in a binding pre-removal stipulation.

Moreover, in consideration of its jurisdiction in removed cases, a district court considers the record as it exists at the time of removal.   *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) ("The removability of a case 'depends upon the state of the pleadings and the record at the time of the application for removal.'") (quoting *Alabama Great S. Ry Co. v. Thompson*, 200 U.S. 206, 216 (1906)); *McCoy*, 147 F.Supp at 489.   Therefore, any post-removal "verification" or amended pleadings "clarify[ing]" a claim is not suitable for this Court's consideration as to whether subject matter jurisdiction exists.   Assuming, without finding, that Plaintiff could amend her pleading pursuant to Rule 15, Plaintiff has not demonstrated how any amendment would impact the jurisdiction of this matter.   As the Court observed above, a proposed amended pleading is not part of the record.   Consequently, to the extent Plaintiff seeks leave to amend her Compliant so that the Court may rely on that amendment to divest this Court of jurisdiction, that motion is **denied**.

### B.     Magnuson-Moss Act

Notwithstanding Plaintiff's ineffective attempt to limit her damages and the $23,777.28 purchase price of the Toyota Camry, Defendants assert that the MMWA's amount in controversy may be satisfied in this case by Plaintiff's request for punitive damages, the economic damages she may recover by the state's lemon law, Consumer Protection-New Motor Vehicle Warranties, W.Va. Code §§ 46A-6A-4(b), or under her theories of strict liability, negligence and warranty. For the reasons stated below, this Court is not persuaded that Defendants have demonstrated that the requisite MMWA jurisdiction amount may be met.

In her sole federal claim, Plaintiff alleges that Defendants "failed to comply with their respective obligations under the express and implied warranties accompan[ying] the sale of [her

8

vehicle]" constituting a violation of the MMWA. (Compl.¶¶ 71-72.)  "The MMWA was passed [in 1975] in response to consumer complaints regarding the inadequacy of warranties on consumer goods."  *West Virginia v. Liberty Mut. Ins. Co.*, Civil Action No. 2:12-cv-0046, 2012 WL 1036848, at *3 (S.D. W.Va. Mar. 27, 2012) (citing *Davis v. S. Energy Homes, Inc.*, 305 F.3d 1268, 1272 (11th Cir.2002)).  Through this Act, Congress sought "to improve the adequacy of information available to consumers, prevent deception, and improve competition in marketing of consumer products[.]"  15 U.S.C. § 2302(a)).  Consequently, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the MMWA], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief[.]"  15 U.S.C. § 2310(d)(1).  A MMWA claim may be brought in either state or federal courts.  15 U.S.C. § 2310(d)(1).  However, the jurisdiction of a district court is limited.

Relevant to the instant dispute, a cause of action may not proceed "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit."  15 U.S.C. § 2310(d)(3)(B); *Saval v. BL Ltd.*, 710 F.2d 1027, 1032-33 (4th Cir. 1983) (jurisdiction in federal court is limited by Section 2310(d)(3)).  Although attorney fees may be awarded under the MMWA (*see* 15 U.S.C. § 2310(d)(2)), the statute has been interpreted to exclude these fees from the computation of the jurisdictional amount.  *Saval*, 710 F.2d at 1032-33 (holding that the proper construction of Section 2310(d) does not allow for the inclusion of attorney fees).

Additionally, relevant to a great majority of Defendants' arguments in the case *sub judice*, the amount in controversy also does not include pendent state law claims.  *Misel v. Mazda Motor*

*of America, Inc.*, 420 F.App'x 272 (4th Cir. 2011) (unpublished per curiam opinion) (affirming district court's rejection of the argument that a plaintiff could use pendent state law claims to satisfy the MMWA's amount in controversy by reliance on decisions in the Eleventh and Fifth Circuit, as well as various district courts); *Ansari v. Bella Auto. Group, Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998) (per curiam) (same); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1071 (5th Cir. 1984); *Donahue v. Bill Page Toyota, Inc.*, 164 F.Supp.2d 778, 782-83 (E.D. Va. 2001) (interpreting Section 2310(d)(3) reference to "all claims" to exclude damages sought in pendent state claims from calculation of jurisdictional amount); *Rose v. A&L Motor Sales*, 699 F.Supp. 75, 77 (W.D. Pa. 1988)("We find no basis in logic or authority in the Act to allow plaintiff to incorporate damages recoverable under a pendent claim when calculating the amount in controversy with respect to a federal claim under the Act.").   Therefore, Defendants arguments that the MMWA jurisdictional amount can be satisfied by the economic damages allowed under the Consumer Protection-New Motor Vehicle Warranties, W. Va. Code §§ 46A-6A-4(b), or her varying theories of strict liability, negligence and warranty are misplaced.

Assuming arguendo that Defendants could rely on their economic damages argument that should Plaintiff prevail, she will recover the purchase price of the vehicle (including fees), costs of repairs, annoyance or inconvenience and replacement transportation, their assertion of replacement transportation costs is grounded upon an assumed rental car rate of $40.00 a day for two years. There is nothing in the pleading to support Plaintiff's use of any rental car.   Further, there is no evidence in the record to quantify any costs of repairs.   Consequently, the Court is left to consider Defendants' assertion about Plaintiff's annoyance and inconvenience, which they

"anticipate" are "especially high."   Defendants are asking the Court to speculate to support a jurisdictional amount.   This, the Court cannot do.

Therefore, the remaining assertion Defendants offer is relative to punitive damages.   The parties' dispute here centers on whether punitive damages can be considered in the determination of the MMWA's jurisdictional amount.   "[C]laims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined."   *Saval*, 710 F.2d at 1033 (citation omitted.)    As an initial matter, Plaintiff argues in her motion to remand that while she is seeking punitive damages under her state causes of action, she is not requesting this relief under her MMWA claim. (Pl.'s Mot. at 3.)   Conversely, Defendants argue that she has affirmatively sought punitive damages as part of her MMWA claim.

The Court finds Defendants' contention that Plaintiff seeks punitive damages by incorporating previously asserted allegations corresponding to her negligence claim lacking in merit.   Similarly, the Court does not accept Defendants' assertion that the request for punitive damages in Plaintiff's prayer for relief is necessarily sufficient to find that she has requested punitive damages under the MMWA, especially where the only allegations Plaintiff made that may support a punitive damage finding are those made in relation to her negligence and strict product liability claims.   (*See* Compl. ¶ 53-56, 68.)   However, assuming, without finding, that Plaintiff has asserted punitive damages under the MMWA and such are applicable to the MMWA under the law of West Virginia, the Court finds that Defendants have not demonstrated that the punitive damages will be $26,222.72 (the difference between the requisite jurisdictional amount and the purchase price of Plaintiff's car).   Defendants have asked the Court to speculate that on the facts of this case, Plaintiff would be entitled to such an award in light of her injuries.

11

However, in a removed case, jurisdiction in this Court cannot be based on mere speculation and bare allegations that the amount in controversy exceeds $50,000.   Defendants have not offered the amounts awarded in other similar cases to demonstrate that the award in this case would approach or exceed the statutory jurisdiction requirement nor have they offered other "evidence" to support their claim that the jurisdictional amount has been met.   Consequently, the Court finds that Defendants have not demonstrated by a preponderance of the evidence that Plaintiff's claim meets the jurisdictional amount in this case.

Given that removal encroaches upon state sovereignty, this Court will "resolve all doubts about the propriety of removal in favor of retained state jurisdiction."   *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).    Therefore, the Court finds that this matter should be **remanded**.

*C.     Attorney's Fees*

Finally, this Court has considered the parties' respective arguments relative to Plaintiff's request for attorney's fees.   Upon consideration of the arguments and the applicable law, the Court declines to award attorney fees to Plaintiff in this instance.   Defendants' attempt to remove this case appears to have been objectively reasonable given Plaintiff's ineffective attempt to limit her damages and the lack of clear direction in this Circuit on the use of punitive damages to MMWA claims.

*IV.     CONCLUSION*

Wherefore, based on the findings stated herein, the Court does hereby **ORDER** that *Plaintiff's Motion to Remand and/or Amend Complaint and for Costs Fees and Expenses*

(Document 10) be **GRANTED IN PART.**   The Court **ORDERS** that this case be **REMANDED** to the Circuit Court of Wyoming County, West Virginia.  To the extent that Plaintiff seeks attorneys' fees and costs for moving for this relief, the Court **ORDERS** that the request be **DENIED**.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Remand Order to all counsel of record and to any unrepresented party, and a certified copy to the Clerk of the Circuit Court of Wyoming County.

ENTER:        September 24, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

13